United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS, <br><br> Plaintiff, <br><br> v. <br><br> SCHNEIDER DOCK & INTERMODAL FACILITY, INC., et al., <br><br> Defendants. | Case No. 17-cv-05287-JST (LB) <br><br> **ORDER RE JOINT DISCOVERY LETTER BRIEF AND NOTICE RE DISCOVERY PROCEDURES** <br><br> Re: ECF No. 56 |

Judge Tigar referred all discovery matters to the undersigned.[1] Currently pending is a joint letter brief from the parties regarding issues that plaintiff Californians for Alternatives to Toxics ("CATs") has raised with the defendants' objections to certain of CATs' interrogatories. The court can adjudicate the dispute without a hearing. N.D. Cal. Civ. L.R. 7-1(b).

The objections CATs raises in Sections A, B, and C of the joint letter brief to the defendants' objections to CATs's interrogatories are largely boilerplate.[2] Additionally, while CATs raises

---

[1] Referral Order – ECF No. 57. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] For example, in issue C, CATs objects to the defendants' objection to CAT's definition of the term "FACILITY" in its interrogatories. The defendants explain in their half of the joint letter brief that CATs defined the term "FACILITY" by reference to a street address, which includes property that is leased to persons or entities other than the defendants, and consequently they construed "FACILITY"
*(cont'd)*

ORDER – No. 17-cv-05287-JST (LB)

objections, it does not appear to be asking for any specific relief or for the court to do anything. As for the objections CATs that raises in Sections D and E of the joint letter brief, they may be moot. The defendants state that their third amended interrogatory responses address CATs's objections,[3] and CATs does not respond to or rebut the defendants' statements. Because all of the issues raised appear to be moot or boilerplate, the undersigned declines to enter a substantive discovery order at this juncture.

If substantive discovery disputes arise in the future, the parties must comply with the undersigned's standing order (attached). The dispute procedures in it require, among other things, that the parties must meet and confer in person (if counsel are local) and then submit a joint letter brief with information about any unresolved disputes. The letter brief must be filed under the Civil Events category of "Motions and Related Filings > Motions – General > Discovery Letter Brief." After reviewing the joint letter brief, the court will evaluate whether future proceedings are necessary, including any further briefing or argument.

The court makes this observation as a guide to the parties in their discovery. Boilerplate objections are disfavored, whether they are boilerplate objections to discovery requests or boilerplate objections to objections. If the parties need to raise future discovery disputes with the court, the undersigned expects that they will include in their joint letter brief a thoughtful, thorough discussion of the issues, why they matter, and what specific relief the parties seek.

**IT IS SO ORDERED.**

Dated: April 30, 2018

_____
LAUREL BEELER
United States Magistrate Judge

---

to include only that portion of the property that the defendants lease and on which the defendants engage in industrial activities. Joint Letter Br. – ECF No. 56 at 4. CATs does not say anything on this issue other than a boilerplate statement that "Defendants fail to answer the question as asked, and instead substitute their own term for Plaintiff's defined term 'FACILITY.'" *Id.* at 2.

[3] *Id.* at 5.