UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIANS FOR ALTERNATIVES TO TOXICS,<br><br>Plaintiff,<br><br>v.<br><br>SCHNEIDER DOCK & INTERMODAL FACILITY, INC., et al.,<br><br>Defendants. | Case No. 17-cv-05287-JST (JCS)<br><br>**ORDER RE PROMISSORY NOTE** |

The parties have submitted another drafting issue for binding determination by the undersigned. Attached as Exhibit A to this Order is the Promissory Note which reflects the Court's final decision on the issues submitted with respect to that document. Please note that, in addition to resolving the issues presented by the parties, the Court corrected a typo in the second sentence of paragraph 5, changing "Maker" to "Holder" as the party that may waive the argument that breach of the Note is a breach of the Settlement Agreement. If any party believes that the Court has erred in correcting this typo, they may submit a two page letter to the undersigned. If no such letters are submitted, the parties are ordered to execute the Promissory Note and the Deed of Trust next week.

**IT IS SO ORDERED.**

Dated: August 16, 2019

JOSEPH C. SPERO
Chief Magistrate Judge

# EXHIBIT A

# PROMISSORY NOTE

Amount: $600,000
Issue Date: June 25, 2019
Maturity Date: December 22, 2019

      For value received and intending to be legally bound, David Schneider ("Maker"), is presently indebted to and hereby promise to pay to the order of the California Alternatives to Toxics, a California nonprofit Corporation ("Holder"), sum of six hundred thousand dollars and no cents ($600,000) (the "Note Amount") on the following terms and conditions:

      1.    Background. This promissory note ("Note") is executed and delivered as a condition to and subject to all terms and conditions of the Release and Settlement Agreement ("Settlement Agreement"), dated as of the date August 16, 2019, by and among Maker, Holder, and the other parties named therein. This Note is delivered pursuant thereto. As set forth below, this Note is secured by a Deed of Trust. This Note, the Settlement Agreement and the Deed of Trust are referred to collectively herein as the Settlement Documents. Further, should the Release and Settlement Agreement, pursuant to Paragraph 1.c. therein, become null and void, this Note shall be immediately cancelled, void, and unenforceable.

      2.    Payment of Note. A final payment of the outstanding unpaid Note Amount shall become immediately due and payable on December 22, 2019 ("Maturity Date"). This Note may be prepaid without any prepayment penalty or premium, at the option of Maker and without the consent of the Holder.

      3.    Manner of Payment. Payment of this Note shall be made by delivery of the funds in the manner set forth in Section 3.b. of the Settlement Agreement, which provides that payment shall be made by check payable to "Law Offices of Andrew L. Packard Attorney-Client Trust Account." The check shall be remitted to counsel for CATs in Petaluma on or before December 22, 2019.

      4.    Default. In the event that the Makers shall fail to pay the Note Amount when due and payable, the Note shall be in default.

5. <u>Breach of Settlement Agreement</u>.   This Note is a condition of the Settlement Agreement.  Absent express waiver by Holder or prior satisfaction of the applicable condition of the Settlement Agreement calling for monetary payment of $600,000, a default on this Note shall constitute a material breach of the Settlement Agreement, and enforcement of the remedies for default of this Note may be sought in an action to enforce the Settlement Agreement in any Court holding jurisdiction and venue.   In the event of a default of this Note, the breach of the Settlement Agreement shall be deemed to have occurred as of December 22, 2019, and Holder shall be entitled to legal rate of interest under Cal. Code of Civ. Proc. Section 685.010 from that date.

6. <u>Remedies Upon Default</u>. In the event of Default, then Holder shall be entitled to all remedies available at law, in equity or otherwise, including remedies available under the Settlement Agreement and/or Deed of Trust. All remedies shall be cumulative and concurrent and may be pursued singly, successively, or together at the sole discretion of Holder and the failure to exercise any such right or remedy shall in no event be construed as a waiver or release thereof.

7. <u>Waivers</u>. Maker hereby waives presentment, demand for payment, notice of dishonor, notice of protest, and protest in connection with the delivery, acceptance, performance, or default of this Note. No delay by the Holder in exercising any power or right hereunder shall operate as a waiver of any power or right, nor shall a single or partial exercise of any power or right preclude other or further exercise thereof, or the exercise of any other power or right hereunder or otherwise. No waiver or modification of the terms hereof shall be valid unless set forth in writing by the Holder.

8. <u>Secured By Deed of Trust</u>. This Note is secured by, among other things, a deed of trust of the same date as this Note and encumbering the real property comprising a 24.12 acre parcel in Fairhaven, California 95564 (APN Nos. 401-122-004 and 401-122-005) and more fully described in the Deed of Trust dated the same date as this Note between the Maker, as debtor, and Holder, as secured party ("Deed of Trust").  Holder will be entitled to the benefits of the security provided by the Deed of Trust and will have the right to enforce the covenants and agreements therein.  The covenants, conditions, and agreements contained in the Deed of Trust are made part of this instrument.

9. <u>Notices</u>.  All notices which Maker or Holder may be required or permitted to give hereunder shall be made in the same manner as set forth in the Settlement Agreement.

10. <u>Miscellaneous</u>. This Note and the obligations of the Maker hereunder shall be binding upon Maker's successors and assigns. The same assignment of rights and obligations set forth in the Settlement Agreement shall apply to the Parties to this Note.  Beyond such assignment, neither Maker nor Holder may assign this Note or any rights or obligations

hereunder without the prior written consent of the other. This Note shall be governed by the laws of the State of California.

IN WITNESS WHEREOF, Maker has executed this Promissory Note on August 16, 2019.

**MAKER:**

_____
DAVID SCHNEIDER

Agreed and Accepted:

**HOLDER:**

**CALIFORNIANS FOR ALTERNATIVES TO TOXICS**

_____
 By:  PATRICIA CLARY
Its:  EXECUTIVE DIRECTOR